ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JAN 17 2006
U.S. COURT OF FEDERAL CLAIMS

B. RALPH BAILEY and DIANNE L. BAILEY §
§
Plaintiffs, §
§
v. § CIVIL NO. 06-39 T
§
§
UNITED STATES OF AMERICA §
§
Defendant. §

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs B. Ralph Bailey and Dianne L. Bailey ("Plaintiffs" or the "Baileys") are citizens of the United States of America whose address is 660-3 N. Beau Chene Drive, Mandeville, Louisiana, 70471.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 2000)

5. The Baileys filed a timely joint federal income tax return for calendar year 2000 and paid the taxes reported due on that return. The taxpayers identification number as reflected on that tax return are XXX-XX-4613 and XXX-XX-0395.

6. For 1984 through 2000, B. Ralph Bailey was a limited partner in Agri-Venture Associates ("AVA"), Agri-Cal Venture Associates ("ACVA"), Agri-Venture-1985 ("AV85"), and Western Ag Venture Associates ("WAVA"), all of which were California limited partnerships.

7. AVA, ACVA, AV85, and WAVA have all dissolved and terminated.

8. On October 16, 2003, the Baileys filed with the IRS a claim in the amount of $89,826.00 for refund of tax due to the loss they realized on the termination of AVA, ACVA, AV85, and WAVA .

9. On January 16, 2004, the IRS disallowed that claim.

10. The Baileys asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnerships' allowable 1984, 1985, and 1986 losses respective to each partnership. The IRS has sent the taxpayers a Form CG-4549A reflecting the 1984, 1985, and 1986 adjustments.

C. As a direct consequence of the adjustments to the partnership items of the partnerships there was a substantial basis in the Plaintiffs' partnership interests and a resulting loss upon the dissolution and termination of the partnerships, which is the basis of the claim for refund.

D. Plaintiffs were advised by the tax matters partners that the IRS has agreed to allow a loss in the year the partnerships terminated equal to the adjustment to the taxpayers' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiffs did not sell their partnership interest, their claim is based on the same increase in basis recognized as a capital loss upon worthlessness of the partnership interests.

E. The increase in the basis in the partnership interests resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

F. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the Tax Court decision, and it is being filed consistent with the IRS' instructions.

11. Over six (6) months have elapsed since the Baileys filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

12. The Baileys are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

WHEREFORE, Plaintiffs B. Ralph Bailey and Dianne L. Bailey pray for judgment against the Defendant the United States of America in the amount of $89,826.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)